```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

LILIA MESA and DAMIAN MESA,

      Plaintiffs,

v.                                  Case No. 8:17-cv-450-T-33JSS

KAJAINE FUND III, LLC,
AVELO MORTGAGE, LLC,
SENDERRA FUNDING, LLC,
et al.,

      Defendants.
_____/

**ORDER**

This matter comes before the Court upon *sua sponte* review of pro se Plaintiffs Lilia Mesa and Damian Mesa's Complaint, filed on February 23, 2017. (Doc. # 1). For the reasons that follow, the Court dismisses the Complaint and grants the Mesas leave to file an amended complaint by March 30, 2017.

**I.  Background**

The Mesas initiated this action on February 23, 2017. (Doc. # 1). In their 117 page Complaint, the Mesas allege that the nine Defendants violated numerous federal statutes including: the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., the Truth in Lending Act (TILA), 15

U.S.C. § 1601 et seq., and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 et seq. The Mesas also bring claims under the Florida Consumer Collection Practices Act, the Florida Lending Act, and the Florida Truth in Lending Act, as well as common law claims for negligence, negligent supervision and hiring, and recoupment.

Essentially, the Mesas allege that Defendants — including various loan servicers and mortgage holders, a law firm, an attorney from that firm, and an unknown appraiser — refused to answer their requests for information while servicing their mortgage, failed to report their debt as disputed, and used unfair debt collection methods while initiating foreclosure proceedings.

II.  **Legal Standard**

The Court construes pro se pleadings liberally and holds them to a less stringent standard than those drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). But, "a pro se litigant is still required to conform to procedural rules, and a district judge is not required to rewrite a deficient pleading." McFarlin v. Douglas Cty., 587 F. App'x 593, 595 (11th Cir. 2014). A district judge may *sua sponte* dismiss a complaint for failure to comply with the federal rules. Id. (citations omitted). Likewise, "[t]he

2

district judge also has the inherent authority *sua sponte* to require the plaintiff to file a more definite statement." Id. (citing Fikes v. City of Daphne, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996)).

Pursuant to Rule 8(a), Fed. R. Civ. P., a pleading that states a claim must contain, among other things, "a short plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Taken together, these rules "require the pleader to present his claims discretely and succinctly." Fikes, 79 F.3d at 1082 (citation omitted).

Complaints that fail to plead discretely and succinctly are often shotgun complaints. The Eleventh Circuit has described four varieties of shotgun complaints: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a

complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

In such cases, it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). A defendant faced with such a complaint is not expected to frame a responsive pleading. Id. "The Federal Rules of Civil Procedure, pertinent precedent, sound principles of litigation management, and fairness to the opposing party almost uniformly commend requiring a litigant to submit a complaint that is not a 'shotgun pleading' and that otherwise complies with the salutary rules of pleading." Stevens v. Barringer, No. 2:11-cv-697-UA-SPC, 2013 WL 24272, at *2 (M.D. Fla. Jan. 2, 2013).

**III. Analysis**

Even construing the Complaint liberally, the Mesas' Complaint is an impermissible shotgun pleading that contravenes the Federal Rules of Civil Procedure. The Complaint's allegations are long and rambling, spanning 117 pages and 525 paragraphs. (Doc. # 1).

Although the Complaint lists seventeen counts, the Complaint includes additional allegations of mortgage fraud, appraisal fraud, and predatory lending against the nine Defendants in the 345 paragraphs of factual allegations. Thus, it appears that the Mesas are attempting to bring additional claims besides those listed in the seventeen counts. Also, it is unclear whether the Mesas are attempting to bring multiple claims in a single count. In Count 7, which is labelled as a RESPA claim, the Mesas allege that Defendant Ocwen Loan Servicing "failed to acknowledge [a qualified written request] within 5 days in violation of RESPA and [the Dodd-Frank Wall Street Reform and Consumer Protection Act]." (Id. at ¶ 448).

Such failure to identify claims with sufficient clarity constitutes a "shotgun pleading." Byrne v. Nezhat, 261 F.3d 1075, 1129-30 (11th Cir.2001). In their amended complaint, the Mesas should disaggregate each claim into a separate

5

numbered count so that Defendants can ascertain what claims are being brought against them.

For the same reason, allegations regarding alleged misconduct by multiple defendants should not be included in the same count. See Weiland, 792 F.3d at 1322-23 (stating that one type of shotgun complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against"). For example, in Count 14, five Defendants are included in one count: "Kajaine Fund III, LLC, Anand Patel, FCI Lender Services, Inc., Paul Krasker P.A., and James J. Doherty, Esq. violated the FDCPA, 15 U.S.C. § 1692e(2), by misrepresenting the character, amount and legal status of the Plaintiffs' debt." (Doc. # 1 at ¶ 504). The inclusion of numerous different Defendants in the same count obscures what allegations are relevant to each Defendant. In their amended complaint, the Mesas should include a separate count for each claim against each Defendant.

The Complaint also incorporates the first 345 paragraphs into each count. But, all 345 paragraphs are not relevant to establishing each of the seventeen counts. Thus, Defendants would have to sort through numerous irrelevant factual

6

allegations in order to determine the factual basis for the claims against them. See Gregory v. City of Tarpon Springs, No. 8:16-cv-237-T-33AEP, 2016 WL 5816026, at *4 (M.D. Fla. Oct. 5, 2016)(noting that a complaint's failure to explicitly incorporate factual allegations forces defendants "to sift through the factual allegations to determine which are relevant to those claims against them"). In their amended complaint, the Mesas should incorporate only specific factual allegations that are relevant to each count.

Similarly, the Mesas should refrain from including factual allegations unnecessary to state their claims. For example, the Mesas describe at length the allegedly fraudulent actions of their mortgage broker, Joe Bola Owanikin, yet the Mesas have not included him as a defendant. (Doc. # 1 at ¶¶ 69-86). While the Court appreciates that the Mesas have provided a thorough background regarding the acquisition and servicing of their mortgage, the over 300 paragraphs of factual allegations make it difficult to determine what facts are essential to their claims.

Although pro se, the Mesas still must meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004)(citations omitted). The Complaint is dismissed as a shotgun pleading. But, the Mesas

may file an amended complaint that meets the pleading requirements by March 30, 2017, failing which, this case will be dismissed.

If the Mesas have questions regarding the issues discussed in this Order and the procedural rules of federal courts, they may consult with a lawyer for free on a limited basis at the Legal Information Program operated by the Tampa Chapter of the Federal Bar Association on Tuesdays from 11:00 AM to 12:30 PM in the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602. Appointments, which are recommended but not required, can be made by calling (813) 301-5400.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED:**

Plaintiffs' Complaint (Doc. # 1) is **DISMISSED.** The Mesas may file an amended complaint by **March 30, 2017.** Failure to do so will result in dismissal of this action without further notice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of February, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE