```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION
```

LILIA MESA and DAMIAN MESA,

    Plaintiffs,

v.                                    Case No. 8:17-cv-450-T-33JSS

KAJAINE FUND III, LLC,
AVELO MORTGAGE, LLC,
SENDERRA FUNDING, LLC,
et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon sua sponte review of pro se Plaintiffs Lilia Mesa and Damian Mesa's Amended Complaint, filed on March 30, 2017. (Doc. # 13). For the reasons that follow, the Court dismisses the Amended Complaint and grants the Mesas leave to file a second amended complaint by May 3, 2017.

**I.   Background**

The Mesas initiated this action on February 23, 2017. (Doc. # 1). The Court sua sponte dismissed the Complaint as a shotgun complaint on February 28, 2017. (Doc. # 12). The Mesas then filed their Amended Complaint on March 30, 2017. (Doc. # 13).

In the Amended Complaint, the Mesas allege that the nine Defendants violated numerous federal statutes including the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq.; the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 et seq.; the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 et seq.; the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601 et seq.; the Home Ownership and Equity Protection Act (HOEPA), 15 U.S.C. §§ 1639 et seq.; and the Dodd-Frank Wall Street Reform and Consumer Protection Act. The Mesas also bring claims under the Florida Consumer Collection Practices Act and the Florida Fair Lending Act, as well as a common law claim for negligent misrepresentation. Many of the claims are brought "in recoupment."

Essentially, the Mesas allege that Defendants — including various loan servicers and mortgage holders, a law firm, an attorney from that firm, and an unknown appraiser — refused to answer their requests for information while servicing their mortgage, failed to report their debt as disputed, and used unfair debt collection methods while initiating foreclosure proceedings.

**II. Legal Standard**

The Court construes pro se pleadings liberally and holds them to a less stringent standard than those drafted by

attorneys. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). But, "a pro se litigant is still required to conform to procedural rules, and a district judge is not required to rewrite a deficient pleading." McFarlin v. Douglas Cty., 587 F. App'x 593, 595 (11th Cir. 2014). A district judge may sua sponte dismiss a complaint for failure to comply with the federal rules. Id. (citations omitted). Likewise, "[t]he district judge also has the inherent authority sua sponte to require the plaintiff to file a more definite statement." Id. (citing Fikes v. City of Daphne, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996)).

Pursuant to Rule 8(a), Fed. R. Civ. P., a pleading that states a claim must contain, among other things, "a short plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Taken together, these rules "require the pleader to present his claims discretely and succinctly." Fikes, 79 F.3d at 1082 (citation omitted).

Complaints that fail to plead discretely and succinctly are often shotgun complaints. The Eleventh Circuit has

3

described four varieties of shotgun complaints: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

In such cases, it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). A defendant faced with such a complaint is not expected to frame a responsive pleading. Id. "The Federal Rules of Civil Procedure, pertinent precedent, sound principles of litigation

4

management, and fairness to the opposing party almost uniformly commend requiring a litigant to submit a complaint that is not a 'shotgun pleading' and that otherwise complies with the salutary rules of pleading." Stevens v. Barringer, No. 2:11-cv-697-UA-SPC, 2013 WL 24272, at *2 (M.D. Fla. Jan. 2, 2013).

### III. Analysis

The Amended Complaint is an improvement upon the Complaint but it is also a shotgun pleading. While shorter than the 117 page Complaint, the Amended Complaint's allegations are still long and rambling, spanning 82 pages and 367 paragraphs. (Doc. # 13). There are 213 paragraphs in the factual allegations, making it difficult to determine what facts are truly necessary to support the Mesas' claims.

Many of the allegations in the Amended Complaint still appear irrelevant to the claims. For example, the Amended Complaint contains a section in the factual allegations titled "The Federal Bureau of Investigation (FBI) Defines Mortgage Fraud," in which the Mesas "allege that [they] are victims of more than one of the above schemes laid out by the FBI as a scam for mortgage fraud, proving for a criminal damage under TILA, RESPA, HOEPA and FLA." (Doc. # 13 at ¶ 143). But, this is a civil case — not a criminal action. See

5

Fisher v. Conseco Fin. Co., No. 3:07CV266/RV/MD, 2007 WL 3012881, at *3 (N.D. Fla. Oct. 12, 2007)("Rarely is there a private right of action under a criminal statute." (citing Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979)). As the Amended Complaint does not assert a claim for criminal mortgage fraud, allegations that Defendants victimized the Mesas by violating criminal mortgage fraud statutes are unnecessary.

The Amended Complaint also contains numerous allegations about the conduct of Joe Bola Owanikin in both the factual allegations and various counts. For example, Count 9 states: "As a direct and proximate result of John Doe Appraiser, Joe Bola Owanikin of Unique Action Mortgage, Inc., and Senderra Funding LLC['s] concealment of the appraisal and material misrepresentations, Plaintiffs have suffered damages . . ." (Doc. # 13 at ¶ 334). But, the Amended Complaint still does not list Owanikin as a defendant. As the Court explained in its previous Order, the Mesas should refrain from including allegations unnecessary to state their claims. Alternatively, if the Mesas wish to bring claims against Owanikin, they should identify him as a defendant in their second amended complaint.

Furthermore, although they bring Count 2 under HOEPA, the Court notes that the Mesas do not list HOEPA as a basis for their claims at the beginning of the Amended Complaint. (Doc. # 13 at 1). Conversely, the Mesas list the Dodd-Frank Act as a basis for their claims at the beginning of the Amended Complaint, but do not bring any counts under that Act. (Id.). In the second amended complaint, the Mesas should clarify the basis for their claims, and avoid extraneous references to laws under which they do not bring claims.

Finally, although the Court previously directed the Mesas to "include a separate count for each claim against each Defendant," the Amended Complaint lumps numerous Defendants together in some counts. (Doc. # 12 at 6). For example, in Count 11, the Mesas allege "Defendants Kajaine Fund III, LLC, Anand Patel, FCI Lender Services, Inc., Paul Krasker P.A., and James J. Doherty, Esq. violated the FDCPA . . ." (Doc. # 13 at ¶ 345). The same five Defendants are also named together in Counts 10, 12, and 13. (Id. at 73-82). When drafting their second amended complaint, the Mesas should separate each claim against each Defendant into different counts.

The Amended Complaint is dismissed with leave to amend so that the Mesas may correct the problems discussed in this

7

Order. The Mesas may file a second amended complaint by May 3, 2017, failing which, this case will be dismissed.

If the Mesas have questions regarding the issues discussed in this Order and the procedural rules of federal courts, they may consult with a lawyer for free on a limited basis at the Legal Information Program operated by the Tampa Chapter of the Federal Bar Association on Tuesdays from 11:00 AM to 12:30 PM in the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602. Appointments, which are recommended but not required, can be made by calling (813) 301-5400. Additionally, the Middle District of Florida maintains a "Proceeding without a Lawyer" page on its website, which is a valuable resource regarding the litigation process to which the Mesas may refer, but on which they should not exclusively rely.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED:**

Plaintiffs' Amended Complaint (Doc. # 13) is **DISMISSED**. The Mesas may file a second amended complaint by **May 3, 2017**. Failure to do so will result in dismissal of this action without further notice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3rd day of April, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE