UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LILIA MESA and DAMIAN MESA,

    Plaintiffs,

v.                               Case No. 8:17-cv-450-T-33JSS

KAJAINE FUND III, LLC,
AVELO MORTGAGE, LLC,
SENDERRA FUNDING, LLC,
et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon sua sponte review of pro se Plaintiffs Lilia Mesa and Damian Mesa's Second Amended Complaint, filed on May 2, 2017. (Doc. # 18). For the reasons that follow, the Court dismisses the Second Amended Complaint and grants the Mesas leave to file a third amended complaint by May 30, 2017. The Court also extends the deadline to effect service of process to June 30, 2017.

**I.**    **Background**

The Mesas initiated this action on February 23, 2017. (Doc. # 1). The Court sua sponte dismissed the Complaint as a shotgun complaint on February 28, 2017. (Doc. # 12). The Mesas then filed their Amended Complaint on March 30, 2017.

1

(Doc. # 13). The Court again sua sponte dismissed the Amended Complaint on April 3, 2017, in a detailed order. (Doc. # 17).

Now, the Mesas have filed their Second Amended Complaint. (Doc. # 18). In the Second Amended Complaint, the Mesas allege that the nine Defendants violated numerous federal statutes including the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq.; the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 et seq.; the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601 et seq.; and the Home Ownership and Equity Protection Act (HOEPA), 15 U.S.C. §§ 1639 et seq. The Mesas also bring claims under the Florida Consumer Collection Practices Act and the Florida Fair Lending Act, as well as a common law claim for negligent misrepresentation. Many of the claims are brought "in recoupment."

Essentially, the Mesas allege that Defendants — including various loan servicers and mortgage holders, a law firm, an attorney from that firm, and an unknown appraiser — refused to answer their requests for information while servicing their mortgage, failed to report their debt as disputed, and used unfair debt collection methods while initiating foreclosure proceedings.

## II. **Discussion**

Although the Second Amended Complaint is an improvement over the Amended Complaint, it is still a shotgun complaint. The Mesas shortened the Second Amended Complaint to sixty-four pages, down from the eighty-two page Amended Complaint. But there are still irrelevant allegations included in the 147 paragraph factual allegations section.

For example, the Second Amended Complaint still alleges criminal conduct by the Defendants. The Court explained in its Order dismissing the Amended Complaint that criminal statutes rarely create private rights of action that can be enforced by individuals. (Doc. # 17 at 5-6). That Order also stated: "[a]s the Amended Complaint does not assert a claim for criminal mortgage fraud, allegations that Defendants victimized the Mesas by violating criminal mortgage fraud statutes are unnecessary." (Id. at 6). Yet the Second Amended Complaint still asserts Defendants' "acts are criminal in nature and tantamount to mortgage fraud." (Doc. # 18 at ¶ 109). The Mesas also insist Defendant Senderra Funding LLC has engaged in "criminal conduct." (Id. at ¶ 107). In their third amended complaint, the Mesas should avoid accusations of criminal conduct irrelevant to their civil claims.

The Second Amended Complaint contains numerous allegations in the factual allegations and various counts about the conduct of Joe Bola Owanikin of Unique Action Mortgage Inc., who was the Mesas' mortgage broker. (Doc. # 18 at ¶¶ 74-124; 183-269). But the Mesas still have not named Owanikin as a defendant. The Mesas frequently allege Owanikin and Senderra violated their rights together but it is unclear what relationship existed between Owanikin and Senderra or any other Defendant. Although they state Owanikin "made himself out to be representing Senderra" during the mortgage lending process, the Mesas do not allege whether Owanikin was actually working for Senderra. (Id. at ¶ 97). If the Mesas wish to bring claims based on Owanikin's conduct, the third amended complaint should name Owanikin as a defendant or clarify why any Defendant should be liable for Owanikin's actions.

There is also some confusion about the identities of the Defendants. The Mesas list Avelo Mortgage LLC as a Defendant separate from Senderra. But no counts are brought against Avelo and the Second Amended Complaint states Avelo "does business as Senderra Funding LLC." (Doc. # 18 at ¶ 16). If Avelo and Senderra are the same entity, they should not be listed as separate Defendants in the third amended complaint.

Most importantly, the Mesas failed to heed the Court's direction about separating claims against different Defendants into separate counts. In its previous Order, the Court explained that including multiple Defendants in one count without clearly identifying the allegedly illegal conduct of each Defendant is impermissible. (Doc. # 17 at 7). Yet Counts 9, 10, and 11 are brought against Defendants Kajaine Fund III, LLC, Anand Patel, FCI Lender Services Inc., Paul Krasker P.A., and James J. Doherty, Esq. (Doc. # 18 at 58-64). Nor do these counts even attempt to identify each Defendant's individual conduct, instead making conclusory allegations such as "Defendant Kajaine Fund III, LLC, Anand Patel, FCI Lender Services Inc., Paul Krasker P.A., and James J. Doherty, Esq. violated the FDCPA, 15 U.S.C. § 1692g(a)(1), by failing to accurately and fully state in communications to the Plaintiffs 'the amount of the debt.'" (Id. at ¶ 306).

Thus, the Second Amended Complaint qualifies as a shotgun complaint because it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322-23 (11th Cir. 2015). In their third amended complaint, the Mesas

should separate each claim against each Defendant into different counts and clearly identify each Defendant's allegedly unlawful conduct. Additionally, the Mesas should specify in each count's heading which Defendant the count is brought against.

Finally, the Court notes that the deadline to serve Defendants is currently May 24, 2017. But no proof of service documents have been filed with the Court and no Defendant has appeared. Accordingly, the Court sua sponte extends the time to serve Defendants to **June 30, 2017.** The Mesas must serve Defendants in accordance with the Federal Rules of Civil Procedure by that date and promptly file proof of service with the Court. Failure to do so may result in dismissal.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED:**

(1) Plaintiffs' Second Amended Complaint (Doc. # 18) is **DISMISSED.**
(2) The Mesas may file a third amended complaint by **May 30, 2017.** Failure to do so will result in dismissal of this action without further notice.
(3) The Mesas must properly serve Defendants in accordance with the requirements of the Federal Rules of Civil

6

Procedure by **June 30, 2017.** Failure to do so may result in dismissal.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of May, 2017.

<span style="text-align:right;">*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE</span>